**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

RICKY ASHLEY                                                                           PLAINTIFF

v.                                        4:18cv00497-BSM-JJV

JAMES M. MOODY,
United States District Judge,
Eastern District of Arkansas; and
JAMES M. MOODY, JR.,
United States District Judge,
Eastern District of Arkansas                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the district judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the magistrate judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the magistrate judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the district judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Ricky Ashley ("Plaintiff") is confined in the Saline County Detention Facility and brings this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  He also has filed an Application to Proceed Without Prepayment of Fees and Affidavit ("Application").  (Doc. No. 1.)

The Prison Litigation Reform Act ("PLRA") provides, in part:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

From 1994 to 1997, Plaintiff accumulated four strikes as defined by § 1915(g). *See Ashley v. Reed*, 5:94CV00240; *Ashley v. Johnson*, 5:94CV00529; *Ashley v. Rwoni*, 4:95CV00786; *Ashley v. Dowen,* 5:97CV00302. Undeterred, Plaintiff filed approximately forty-five additional lawsuits, the majority of which were dismissed prior to service. Plaintiff's unrelenting pattern of frivolous filings has earned him "the dishonorable distinction of ranking among the most highly abusive filers in the Eastern District of Arkansas, if not the most abusive." *Ashley v. Reasoner*, 4:05CV00465, Doc. No. 3 at 1 (describing Plaintiff's history of abusive filings).

In the current Complaint, Plaintiff alleges United States District Judge James M. Moody, Sr. (retired) and United States District Judge James M. Moody, Jr. have "declared all Sundays" to be "National Kill a Nigger Day" and ordered ATF agents to kill "Ricky Ashley AKA 'Ruler.'" (Doc. No. 2 at 4.) Plaintiff has raised similarly outrageous accusations against federal, state, and county officials in five other lawsuits filed this year. *See Ashley v. Wright*, 4:18CV00049; *Ashley v. Wilson*, 4:18CV00078; *Ashley v. Arnold,* 4:18CV00458; *Ashley v. Moody*, 4:18CV00482*; Ashley v. Moody*, 4:18CV00498.

The PLRA requires courts to dismiss "frivolous" or "malicious" complaints. 28 U.S.C. § 1915A(b)(1). A case is frivolous if the allegations are "fantastic," "delusional," "irrational," or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). A complaint is malicious if it demonstrates "a longstanding pattern of abusive and repetitious lawsuits" or "contains disrespectful references or abusive language." *Cooper v. Wood*, No. 95-3798, 1997 WL 177458, at *1 (8th Cir. Apr. 15, 1997) (unpublished opinion); *Horsey v. Asher,* 741 F.2d 209, 213 (8th

3

Cir. 1984).  The absurd and redundant allegations raised in the current Complaint squarely fall under both definitions.  Thus, I recommend this case be dismissed with prejudice as frivolous and malicious.

Further, given Plaintiff's history of frivolous filings, I also recommend he be restricted from filing any further civil actions in this district without prior Court approval. *See Day v. Day,* 510 U.S. 1, 2 (1993) (courts have discretion to impose filing restrictions on individuals who file numerous, frivolous pleadings or otherwise abuse the judicial process); *In re Tyler*, 839 F.2d 1290, 1292-95 (8th Cir. 1988) (same).  Plaintiff must be given notice and an opportunity to object before such restrictions are imposed.  *See In re Pointer*, No. 09-1620, 2009 WL 2514182, at *1 (8th Cir. Aug. 19, 2009) (unpublished opinion); *see also Stebbins v. Stebbins*, No. 14-1845, 2014 WL 4783363, at *1 (8th Cir. Sept. 26, 2014) (unpublished opinion) (finding proper notice when a plaintiff was given the opportunity to file objections to a recommended disposition suggesting he be prohibited from filing future cases).

Thus, Plaintiff has fourteen days from the entry of this Recommended Disposition to file objections explaining why he should not be restricted from filing civil actions in this district without prior approval.  If Plaintiff does not provide good cause for doing otherwise, I recommend the Court issue an order stating:

> Ricky Ashley is hereby enjoined from filing any civil action in the United States District Court for the Eastern District of Arkansas without first obtaining leave of the court.  In seeking leave to file, Ashley must certify that the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court.  Ashley must also certify that the claim or claims are not frivolous, malicious, or brought in bad faith. Additionally, Ashley must cite or affix a copy of this Order to any motion

4

for leave to file a claim. Failure to comply strictly with the terms of this injunction will be sufficient grounds for summarily denying leave to file or dismissing any action filed.

*See Banks v. Antitrust Division*, No. 13-2864, 2013 WL 5539891, at *1 (8th Cir. Oct. 7, 2013) (unpublished opinion) (modifying a trial court's order imposing filing restrictions to include the above language).

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 1) be DENIED.

2.      The Complaint (Doc. No. 2) be DISMISSED WITH PREJUDICE as being frivolous and malicious.

3.      Dismissal be counted as a "strike," pursuant to 28 U.S.C. § 1915(g).

4.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order dismissing this case and the accompanying Judgment would not be taken in good faith.

5.      The Court restrict Plaintiff from filing any future civil actions in this district without prior Court approval.

Dated this 3rd day of August, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE